UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

CLINTON LEE PRITCHARD, )
)
    Plaintiff, )
)
v. ) No. 3:19-CV-186-TAV-HBG
)
LEANNE SHEPPARD and )
LINDY FAGEN BYRGE, )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, a prisoner of the Tennessee Department of Correction housed in the Morgan County Correctional Complex ("MCCX"), filed a complaint for violation of his civil rights pursuant to 42 U.S.C. § 1983 against Defendants alleging that they have been deliberately indifferent to his serious medical needs in denying him access to a shower chair, a handicapped cell, a walker, and a wheelchair [Doc. 6]. In accordance with the Court's previous order [Doc. 15], Plaintiff has now filed a signed motion to amend his complaint with an amended complaint attached thereto [Doc. 17] and the Attorney General for the State of Tennessee has filed a sealed response regarding service issues in this case [Doc. 18]. The Court will address the service issues in this case before addressing Plaintiff's motion to amend his complaint.

### I. SERVICE ISSUES

On May 22, 2019, the Court screened Plaintiff's complaint, severed Plaintiff's claims against Defendants from his other claim, and directed the Clerk to file this action

against Defendants [Doc. 4]. The Court subsequently granted Plaintiff leave to proceed *in forma pauperis* and ordered him to return completed service packets for Defendants [Doc. 9]. Plaintiff complied [Doc. 10], but the summonses were returned unexecuted with a notation indicating that they were "unclaimed" as to both Defendants [Docs. 12 and 13].

Accordingly, after Plaintiff filed a motion for default judgment indicating that Defendants still work at MCCX and are purposefully avoiding service of process [Doc. 14], the Court entered an order requiring that the Attorney General for the State of Tennessee provide any information to which he has access that may help the United States Marshal to effectuate service on Defendants and explain why the Court's certified mail to Defendants at MCCX was returned "unclaimed" [Doc. 15 p. 5–6].

The Attorney General of Tennessee responded by filing a document stating that Defendants are employees of Centurion, rather than the State of Tennessee, and that the procedure for serving Centurion employees with certified mail at MCCX is that Tennessee Department of Correction employees notify Centurion employees that they have received such mail via phone call [Doc. 18 p. 2]. However, Defendants do not recall any such phone call in this case [*Id.*]. Thus, Defendant Fagen-Byrge provided another address for service of process in this sealed filing, but Defendant Sheppard declined to do so [*Id.* at 2–3].

As the Court previously noted, plaintiffs generally have the burden of effectuating service of process on defendants. Fed. R. Civ. P. 4(c)(1). With regard to service of process by litigants proceeding *in forma pauperis* however, the Sixth Circuit has stated as follows:

> Together, Rule 4(c)[3] and 28 U.S.C. § 1915[d] stand for the proposition that when a plaintiff is proceeding in forma

> pauperis the court is obligated to issue plaintiff's process to a
> United States Marshal who must in turn effectuate service upon
> the defendants, thereby relieving a plaintiff of the burden to
> serve process once reasonable steps have been taken to identify
> for the court the defendants named in the complaint.

*Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). The United States Marshal routinely uses certified mail to accomplish this service to save the significant resources that would be expended to personally serve Defendants in all such cases.

Accordingly, the Clerk will be **DIRECTED** to issue an alias summons for Defendant Byrge at the address that she provided under seal [Doc. 18 p. 3] to the United States Marshal and to file any documents related to this summons and its return under seal.

Also, the Clerk will be **DIRECTED** to issue an alias summons for Defendant Sheppard at MCCX to the United States Marshal. If this summons is returned unexecuted for any reason and Defendant Sheppard does not file a waiver of service of process within ten days of the return of any such unexecuted summons, the Clerk will be **DIRECTED** to notify the United States Marshal, who will be **DIRECTED** to personally serve Defendant Sheppard in the manner set forth in the sealed document that the Tennessee Attorney General's Office filed [*Id.*].

Defendant Sheppard will be **NOTIFIED**, however, that if the United States Marshal is required to serve her personally, she will be **CHARGED** all fees and expenses for such service. Accordingly, the Clerk will be **DIRECTED** to send a copy of this memorandum and order to Attorney General for the State of Tennessee and the registered agent for service of process in Tennessee for Centurion Detention Health Services, which the

Tennessee Secretary of State lists as CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919.

## II.     AMENDED COMPLAINT

Plaintiff previously filed an unsigned motion to amend his complaint [Doc. 11]. Accordingly, the Court entered an order directing the Clerk to send a copy of the unsigned motion back to Plaintiff and providing that Plaintiff had fifteen days from the entry of that order to file a signed copy of the motion [Doc. 15 p. 3, 5–6]. In accordance with this order, Plaintiff filed a signed motion to amend his complaint with a copy of his complete amended complaint [Doc. 17]. Accordingly, Plaintiff's signed motion to amend his complaint [*Id.*] will be **GRANTED** to the extent that the Clerk will be **DIRECTED** to file Plaintiff's complete amended complaint [Doc. 17 p. 3–9] as Plaintiff's Second Amended Complaint and Plaintiff's unsigned motion to amend his complaint [Doc. 11] will be **DENIED as moot**.

## III.    CONCLUSION

For the reasons set forth above:

1. The Clerk is **DIRECTED** to issue an alias summons for Defendant Byrge at the address that she provided under seal [Doc. 18 p. 3] to the United States Marshal and to file any documents related to this summons and its return under seal;

2. The Clerk is **DIRECTED** to issue an alias summons for Defendant Sheppard to MCCX to the United States Marshal;

3. If this alias summons for Defendant Sheppard is returned unexecuted for any reason and Defendant Sheppard does not file a waiver of service of process within ten days of the return of any such unexecuted summons, the Clerk is **DIRECTED** to notify the United States

Marshal, who is **DIRECTED** to personally serve Defendant Sheppard in the manner set forth in the sealed document that the Tennessee Attorney General's Office filed [*Id.*];

4. Defendant Sheppard is **NOTIFIED** that if the United States Marshal is required to serve her personally, she will be **CHARGED** all fees and expenses for this personal service;

5. Accordingly, the Clerk is **DIRECTED** to send a copy of this memorandum and order to Attorney General for the State of Tennessee and to the registered agent for service of process in Tennessee for Centurion Detention Health Services, which the Tennessee Secretary of State lists as CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919;

6. Plaintiff's signed motion to amend his complaint [Doc. 17] is **GRANTED** to the extent that the Clerk is **DIRECTED** to file Plaintiff's complete amended complaint [Doc. 17 p. 3–9] as Plaintiff's Second Amended Complaint;

7. Plaintiff's unsigned motion to amend his complaint [Doc. 11] is **DENIED as moot**; and

8. Plaintiff is **ORDERED** to immediately inform the Court and Defendants of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE