UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| CLINTON LEE PRITCHARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:19-CV-186-TAV-HBG |
| | ) |
| LEANNE SHEPPARD and | ) |
| LINDY BYRGE, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This is a pro se prisoner's complaint for violation of 42 U.S.C. § 1983. Now before the Court are Defendants' motions to dismiss this action for failure to state a claim [Docs. 26, 28] and memoranda in support thereof [Docs. 27, 29]. Plaintiff did not file responses, and his time for doing so has passed [Doc. 32]. As such, Plaintiff waived any opposition thereto. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.* 577 F.2d 740 (6th Cir. 1978); E.D. Tenn. LR 7.2. For the reasons set forth below, these motions [Docs. 26, 28] will be **GRANTED in part** and **DENIED in part**.

I.  ALLEGATIONS

On an unspecified date, Plaintiff, a prisoner of the Tennessee Department of Correction housed in the Morgan County Correctional Complex ("MCCX"), submitted a sick call to ask for mobility devices, specifically a walker, shower chair, and wheelchair, but Defendant Sheppard "flat said 'no'" [Doc. 20 p. 4]. Thus, from May 11, 2018, to January 7, 2019, Plaintiff did not have a shower chair or a handicapped cell even though

those accommodations were available where he was housed [*Id.*]. Plaintiff has only one leg and fell three times while showering during this time, and Defendant Sheppard is the doctor that Plaintiff saw while he was housed in that unit [*Id.*]. Plaintiff alleges that this was negligent and amounts to deliberate indifference to his obvious medical needs in violation of the Americans with Disabilities Act ("ADA") and the Eighth Amendment [*Id.*].

Plaintiff also alleges that Defendant Byrge, the medical director at MCCX, was also aware of Plaintiff's need for these accommodations because Plaintiff complained to her and filed sick calls and "grievances [and] Hunter Hancock with Disability Rights," but she did not help him, which Plaintiff alleges also violates the ADA and the Eighth Amendment [*Id.*]. Plaintiff specifically states that Defendant Byrge accused him of playing basketball and that is why she will not provide him with a wheelchair, which Dr. Lane previously took from him before Dr. Mock gave it back, but Defendant Byrge ultimately took the wheelchair from Plaintiff and told the doctors not to give one to him [*Id.*].

Plaintiff has diabetes, lost his leg because of a diabetic ulcer, and cannot[1] wear his prosthetic leg all of the time, including when he goes to shower and to the restroom at night [*Id.*]. Also, "if [Plaintiff] had a diabetic ulcer on his stump he could lose more of his leg" [*Id.*]. Plaintiff also claims that if a prisoner files a sick call to see a doctor, it could take

---

[1] The scanned copy of Plaintiff's complaint on the Court's docket appears to indicate that Plaintiff stated that he "can wear [his] leg all the time" in describing this issue [Doc. 6 p. 4]. However, reading Plaintiff's complaint as a whole and taking into account the facts that the word "can" in this sentence is at the far end of the right margin and other words in the same place on the right margin on the same page appear to have been inadvertently cut off during the scanning process, it appears likely that Plaintiff actually stated that he "can't" wear his leg all of the time in this sentence of his complaint. [*Id.*].

2

months to be seen, but he still does not have a wheelchair to use when he cannot wear his prosthetic leg [*Id.* at 4–5]. Plaintiff further states that his prosthetic leg is broken in two different ways and he has tried to get help through sick call, but no one will see him [*Id.*]. Also, Plaintiff states that there are other inmates with his type of disability who have a wheelchair to use, but Plaintiff does not [*Id.* at 5].

Plaintiff has sued Defendants in their individual capacities and official capacities as employees of Centurion [*Id.* at 1, 3]. He seeks monetary and injunctive relief [*Id.* at 6].

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows a court to eliminate a pleading or portion thereof that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "In order to survive a 12(b)(6) motion, the plaintiff's complaint must allege facts which, if proved, would entitle plaintiff to relief." *Se. Tex. Inns, Inc. v. Prime Hosp. Corp.*, 462 F.3d 666, 671 (6th Cir. 2006). A motion to dismiss under Rule 12(b)(6) requires the Court to construe the allegations in the complaint in the light most favorable to the plaintiff and accept all factual allegations as true. *Meador v. Cabinet for Hum. Res.*, 902 F.2d 474, 475 (6th Cir. 1990). Courts liberally construe pro se pleadings and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## III. ANALYSIS

### A. ADA

It appears that Plaintiff alleges that Defendants violated his rights under Title II of the ADA which provides, in relevant part, that "no qualified individual with a disability

3

shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such an entity." 42 U.S.C. § 12132. The ADA defines a "public entity" as "any State or local government; [or] any department, agency, special purpose district, or other instrumentality of a State or States or local government." § 12131(1). Thus, "the ADA [does not] impose liability upon individuals." *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) (citing 29 U.S.C. § 794(b)(RA); 42 U.S.C. § 12131(1)). Furthermore, to the extent that Plaintiff sued Defendants in their official capacities, those claims are effectively against Centurion, the entity that Plaintiff alleges employs Defendants, *Kentucky v. Graham*, 473 U.S. 159, 165–67 (1985), and Title II of the ADA likewise does not impose liability against private entities like Centurion. *Vick v. CoreCivic*, 329 F. Supp. 3d 426, 441–42 (M.D. Tenn. 2018) (collecting cases).

Because Defendants cannot be liable under Title II of the ADA in their individual or official capacities, Plaintiff's claims against Defendants for violation of the ADA fail to state a claim upon which relief may be granted and will be **DISMISSED**. To that extent, Defendants' motions to dismiss will be **GRANTED in part**.

### B. Eighth Amendment

Defendants contend that Plaintiff's allegations establish that Plaintiff disagrees with the medical care he was provided but do not amount to a violation of his Eighth Amendment rights for failure to provide medical care for a serious medical need.

4

First, Plaintiff's claims against Defendants in their official capacities for violation of the Eighth Amendment fail to state a claim upon which relief may be granted. As the Court has noted, Plaintiff has sued Defendants in their official capacities and states that they are employees of Centurion. Plaintiff does not, however, set forth any facts from which the Court can plausibly infer that a custom or policy of Centurion was a moving force behind the alleged violations of his rights set forth in the complaint. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (holding that a private corporation acting under color of state law may be liable only where its custom or policy caused a constitutional violation) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Thus, the claims against Defendants in their official capacities for violation of the Eighth Amendment fail to state a claim upon which relief may be granted under § 1983 and they will be **DISMISSED**. 28 U.S.C. §§ 1915(e)(2)(B), 1915(A) (providing that district courts must screen prisoner complaints and, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune).

Next, looking at defendants in their individual capacities, the Court, liberally construing Plaintiff's allegations in his favor, can plausibly infer that Defendants, despite knowing of Plaintiff's amputated leg and that Plaintiff was not housed in a handicap-accessible cell, failed to provide Plaintiff with devices that would assist him with showering and using the restroom when he was not wearing his prosthetic leg. Thus, the Court can plausibly infer that Defendants may have disregarded a substantial risk of serious

5

harm to Plaintiff and thereby violated his Eighth Amendment rights. *See Stoudemire v. Mich. Dep't of Corr.*, 614 F. App'x 798, 804–05 (6th Cir. 2015) (finding that where the defendant knew the plaintiff was a double amputee and housed him in a cell that the defendant knew was not handicap-accessible and from which the plaintiff could not contact staff for assistance, "it can be inferred that [the defendant] had actual knowledge of the substantial risk to [the plaintiff]" and therefore may have violated the plaintiff's Eighth Amendment rights, and accordingly affirming the district court's denial of the defendant's motion for summary judgment based on qualified immunity).

The Court acknowledges that this case is somewhat distinguishable from *Stoudemire*, as Plaintiff is a single amputee and does not state in his complaint that Defendants were responsible for his housing placement in a cell that was not handicap-accessible or whether he had any ability to contact staff for assistance when showering and/or going to the bathroom at night. However, Plaintiff does allege that he fell three times in the shower due to not being able to wear his prosthetic leg therein, and Plaintiff alleges that Defendants could have, but did not, provide him with assistive devices to mitigate the fact that he was not in a handicap-accessible cell despite knowing of his amputated leg. Thus, making all reasonable inferences in Plaintiff's favor, the Court can plausibly infer that Defendants violated Plaintiff's rights under the Eighth Amendment. Accordingly, Defendants' motions to dismiss [Docs. 26, 28] will be **DENIED in part** to the extent that they seek dismissal of this claim against them in their individual capacity for a violation of Plaintiff's Eighth Amendment rights.

As Plaintiff's complaint does not allow the Court to plausibly infer that Defendants were personally involved in any denial of assistance to him for his broken prosthetic leg, however, this claim will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983. 28 U.S.C. §§ 1915(e)(2)(B), 1915(A); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (providing that § 1983 liability cannot be premised upon a theory of respondeat superior).

### IV. MEDICAL NEGLIGENCE

As set forth above, Plaintiff also alleges that Defendants' acts in the complaint were negligent. However, Plaintiff failed to attach a certificate of good faith to his complaint as Tennessee law requires plaintiffs asserting medical negligence claims to do, and those claims are therefore subject to dismissal. Tenn. Code Ann. § 29-26-122(a). Thus, Defendants' motions to dismiss [Docs. 26, 28] will be **GRANTED in part** to the extent that Plaintiff's medical negligence claims in the complaint will be **DISMISSED without prejudice**.

### V. CONCLUSION

For the reasons set forth above:

1. Defendants' motion to dismiss this action for failure to state a claim upon which relief may be granted [Docs. 26, 28] are **GRANTED in part** to the extent that Plaintiff's ADA claims and medical negligence claims are

**DISMISSED** as they fail to state a claim upon which relief may be granted as to all Defendants;

2. Defendants' motion to dismiss this action for failure to state a claim upon which relief may be granted [Docs. 26, 28] are **DENIED in part** to the extent that they seek dismissal of Plaintiff's claims against them in their individual capacities for violation of the Eighth Amendment arising out of their failure to provide him with assistive medical devices despite knowing of his disability;

3. Plaintiff's claims against Defendants in their official capacities for violation of the Eighth Amendment and Plaintiff's claims against Defendants regarding his inability to get assistance for his broken prosthetic leg are **DISMISSED** for failure to state a claim upon which relief may be granted; and

4. Plaintiff is **ORDERED** to immediately inform the Court and Defendant or his counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE