UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| CLINTON LEE PRITCHARD, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:19-CV-186-TAV-HBG |
| LEANNE SHEPPARD and LINDY FAGEN BYRGE, | ) | |
| Defendants. | ) | |

# MEMORANDUM OPINION

This is a prisoner's pro se complaint for violation of 42 U.S.C. § 1983. On November 2, 2020, the Court entered an order (1) granting Defendants' motion to compel discovery; (2) directing the Clerk to send Plaintiff a copy of Defendants' discovery requests; (3) ordering Plaintiff to respond to those discovery requests within thirty (30) days of entry of that order; (4) notifying Plaintiff that if he failed to timely comply with that order, this action would be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure; and (5) ordering Defendants to file a notice with the Court if they did not timely receive Plaintiff's responses to their discovery requests [Doc. 43 pp. 1–2]. Defendants have now notified the Court that Plaintiff did not timely respond to their discovery requests despite this order [Doc. 44]. Accordingly, for the reasons set forth below, this action will be **DISMISSED** pursuant to Rule 41(b).[1]

---

[1] Defendants have now filed a motion to dismiss this action due to want of prosecution [Doc. 45]. However, due to Plaintiff's clear record of failing to prosecute this case as set forth herein, the Court will *sua sponte* dismiss this action pursuant to Rule 41(b) rather than wait to rule on that motion, and the Clerk will be **DIRECTED** to terminate this motion [*Id.*] as moot.

Rule 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." Fed. R. Civ. P. 41(b); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four (4) factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Plaintiff's failure to timely comply with the Court's previous order was due to Plaintiff's willfulness or fault. Specifically, it appears that Plaintiff received the Court's previous order but chose not to comply or otherwise communicate with the Court. As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has prejudiced Defendants, as Plaintiff has failed to respond to their discovery requests. As to the third factor, the Court's previous order warned Plaintiff that failure to timely comply with the Court's previous order would result in dismissal of this action [Doc. 43, p. 2]. Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted, as Plaintiff has failed to comply with the Court's clear instructions. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training,

there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about plaintiff's pro se status prevented him from complying with the Court's order [Doc. 43], and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED** for want of prosecution pursuant to Rule 41(b) and the Clerk will be **DIRECTED** to terminate Defendants' motion to dismiss for want of prosecution [Doc. 45] as moot. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE